IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KELVIN D. ENGRAM, SR., as parent and next friend of KELVIN DEON ENGRAM, JR., ) ) ) | |
| Plaintiff, ) ) | Case No. 13-1871 |
| vs. ) ) | Jury Trial Demanded |
| BERWYN NORTH SCHOOL DISTRICT 98, ) ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, KELVIN D. ENGRAM, SR., as parent and next friend of KELVIN DEON ENGRAM, JR., through his attorney, complains against Defendant, BERWYN NORTH SCHOOL DISTRICT 98 ("DISTRICT 98") as follows:

### I. NATURE OF ACTION

1. This is an action brought against Defendant DISTRICT 98 pursuant to Title VI of the Civil Rights Act of 1964 and 42 U.S.C. § 2000d, to recover actual damages caused by Defendant's racial discrimination against the Plaintiff, for an award of punitive damages, injunctive relief, and for such other relief as this Court deems proper, including, but not limited to, an award of attorneys fees under 42 U.S.C. § 1988. Plaintiff demands trial by jury.

### II. JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

3. Venue is appropriate under 28 U.S.C. § 1391, because the Defendant conducts business in and the discrimination about which Plaintiff complains occurred in the Northern District of Illinois.

4. The Plaintiff, KELVIN D. ENGRAM, SR., ("ENGRAM, SR.") is the parent and

next friend of KELVIN DEON ENGRAM, JR., ("ENGRAM, JR.") a minor whose race is Black. Father and son are residents of the State of Illinois.

5. At all times relevant to this cause of action, defendant DISTRICT 98 principally engaged in the business of educating elementary school children in the City of Berwyn, in the Northern District of Illinois, through the provision of educational services and facilities. DISTRICT 98 is the recipient of federal financial assistance from the Department of Education.

### III. DISCRIMINATION IN VIOLATION OF TITLE VI, 42 U.S.C. § 2000d
### BASIS RACE

6. Plaintiff incorporates ¶¶ 1-5 herein.

7. During the 2009-2010 academic school year, ENGRAM, JR. was a fifth grader at Jefferson Elementary School, one of three schools that comprise DISTRICT 98. He was the only African-American male student and one of only two African-American students in a class of 25.

8. During the Spring of 2010, ENGRAM, JR. was the victim of continuous verbal racial harassment by four other fifth grade boys. The boys would "gang up" and pick on him at school, calling ENGRAM, JR. the "n" word, telling him to "go back to Africa," and holding up brown and black crayons while pointing at him. The conduct occurred frequently, approximately three days per week, in most areas of the school, including the classroom, lunch, in the hallways, and during recess. On at least one occasion, one of the offending students placed his hands upon ENGRAM, JR. in a menacing way.

9. On January 5, 2010, the principal wrote a disciplinary referral for one of the offending students for calling ENGRAM JR. the "n" word and for pointing at him while holding up brown and black crayons. She ordered six days of after-school detention and called the offender's mother. On that same day, ENGRAM SR. went to the school to speak to the principal. He explained that other boys, who he identified, had been calling his son the"n" word

and that this harassment was affecting his son's ability to sleep at night. He asked the principal to hold a meeting with all the parents, which the principal refused to do. The teacher of the offending students did not discipline any of them other than to tell them that they"cannot do this sort of thing" as she believed the matter was being handled by the principal. Moreover, although ENGRAM SR. reported the racist language and intimidation to the superintendent, the superintendent did nothing and referred ENGRAM SR. back to the principal.

      10.      The harassment of ENGRAM JR. continued throughout the subsequent weeks and months and through at least February and March. On January 28, 2010, ENGRAM JR.'s therapist, who the child began seeing as a result of the harassment, wrote a letter to the school seeking "supportive services from the school staff," stating that the child had "indicated that certain school situations are having a negative impact on his mental health, namely bullying." The letter was placed in the student's file and given to the principal and teacher. Moreover, ENGRAM SR. returned to the school several times to peak with the principal about the matter. Nothing was done concerning the on-going harassment.

      11.      The Civil Rights Act of 1964, 42 U.S.C. § 2000d, prohibits discrimination on the basis of race in the provision of services under any program that receives Federal financial assistance.

      12.      Defendant facilitated a racially hostile learning environment for ENGRAM JR. that was severe, pervasive and persistent.

      13.      Moreover, Defendant violated the rights of Plaintiff in failing to respond to the harassment, of which it was made aware, and take appropriate action to investigate and respond to the behavior of the offending students.

      14.      As a result of Defendant's failure, ENGRAM JR. suffered embarrassment,

humiliation, and severe emotional distress, including post traumatic stress disorder. His grades suffered as a result of the harassment. In sum, Plaintiff's ability to fully participate in and benefit from the educational services due him was severely limited.

WHEREFORE, Plaintiff demands the following relief against Defendant:

(a) an award of actual damages in an amount to be determined at trial;

(b) an award of punitive damages in the amount of $1,000,000.00;

(c) an award of attorneys' fees pursuant to 42 U.S.C. § 1988; and

(d) such other relief as this Court deems appropriate.

> Respectfully submitted,
> KELVIN D. ENGRAM, SR., as parent
> and next friend of KELVIN DEON ENGRAM, JR.
>
>
> /s/ Deidre Baumann
> _____
> By: One of Her Attorneys

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, IL 60603

(312) 558-3119